IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUANITO ALVAREZ GARCIA,<br><br>Petitioner,<br><br>v.<br><br>BRIAN MCSHANE, *et al.*<br><br>Respondents. | 3:26-CV-00106-CCW |

## ORDER GRANTING IN PART DENYING IN PART PETITION

Before the Court is a counseled Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner, a citizen of Mexico, is currently detained at Moshannon Valley Correctional Center. ECF No. 1 ¶¶ 1, 15. Petitioner avers that he entered the United States "nearly 20 years ago and has resided continuously without interruption since[.]" *Id.* ¶ 43.[1] Petitioner was detained by U.S. Citizenship and Immigration Enforcement ("ICE") while driving to a work site in West Virginia on December 15, 2025, and has remained in ICE custody since. *Id.* ¶ 15. ICE has initiated removal proceedings against Petitioner that are ongoing. *Id.* ¶¶ 2, 43. Petitioner now asserts that he is subject to discretionary detention pursuant to § 1226(a) and not mandatory detention under § 1225(b)(2) and therefore that he is entitled to a bond hearing.[2]

The Court agrees. Section 1226 applies to aliens who are "already present in the United States[,]" *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), while the mandatory detention provision of § 1225 governs detention of "applicants for admission" to the United States.

---

[1] U.S. Citizenship and Immigration Services ("ICE") has charged Petitioner as being inadmissible for having entered the United States without inspection and for failing to possess a valid unexpired visa, reentry permit, border crossing card, or other valid entry document, pursuant 8 U.S.C. §§1182(a)(6)(A)(i), (a)(7) (A)(i)(I). *Id.* ¶¶ 2, 43. But Petitioner does not expressly state that he entered the country without inspection. *See generally* ECF No. 1.

[2] To the extent Petitioner is required to exhaust administrative remedies, the Court finds that exhaustion would be futile in this case in light of the BIA's decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025).

*Bethancourt Soto v. Soto*, No. 25-CV-16200, 2025 WL 2976572, at *2 (D.N.J. Oct. 22, 2025). This Court joins the overwhelming majority of District Courts to hold that § 1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens similarly situated to Petitioner, who are not seeking admission at a port of entry but rather are already present in the Country. *See Singh v. Oddo*, No. 3:25-cv-00429, 2026 WL 73789, *4 (W.D. Pa. Jan. 9, 2026) (Brown, M.J.) (noting "growing consensus"). The Court does not find persuasive the recent decision of the United States Court of Appeals for the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Petitioner's detention is governed by § 1226(a) and he therefore has a statutory right to a bond hearing.

Accordingly, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is GRANTED IN PART, as follows:

1. Within seven days of this Order, Petitioner must receive an individualized bond hearing conducted by an immigration judge pursuant to 8 U.S.C. § 1226.

2. IT IS FURTHER ORDERED that if Petitioner does not receive a bond hearing by that date, or if the immigration judge declines to conduct a bond hearing based on *Matter of Yajure Hurtado*, Respondents shall immediately release Petitioner from custody.

3. IT IS FURTHER ORDERED that within seven days of the immigration judge's decision, the parties must file a joint notice on the docket advising the Court of the outcome of the bond hearing.

4. IT IS FURTHER ORDERED that any motion for costs and fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. 2412(d) shall be filed within ten days of this Order.

5.  IT IS FURTHER ORDERED that the Court lacks jurisdiction to enjoin Petitioner's transfer outside the Commonwealth.

6.  IT IS FURTHER ORDERED that the Petition is DENIED in all other respects.

DATED this 6th day of March, 2026.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record